UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHAN G. CURETON,

    Plaintiff,

v.                                       CAUSE NO. 3:18-CV-994-DRL-MGG

KENNETH C HAVLIN,

    Defendant.

## OPINION AND ORDER

Nathan G. Cureton is a prisoner who filed an amended complaint without a lawyer. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Cureton alleges Detective Kenneth C. Havlin made false statements of material fact in his Affidavit for Search Warrant of Mr. Cureton's home. Mr. Cureton also alleges Detective Havlin made the same false statements of material fact in the Affidavit in Support of Probable Cause related to charging Mr. Cureton with felony murder and attempted robbery.

The Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d

854, 860 (7th Cir. 2012) (quoting *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003)). Here, Detective Havlin affirmed in his affidavits that Mr. Cureton had confessed during interrogation "that he and Havis discussed performing the robbery, and that he (Cureton) had instructed Havis on how to commit the robbery." ECF 4 at 8. "Cureton advised that he and Havis discussed performing the robbery, that Havis brought a handgun, and that he (Cureton) had instructed Havis on specifics of how to commit the robbery." ECF 4 at 11. In the complaint, Mr. Cureton alleges he did not make those statements and Detective Havlin fabricated them. Because it appears these statements were necessary to the determination to issue the warrants, these allegations state a claim.

Both affidavits were filed in state court on October 5, 2018. The damage Mr. Cureton suffered as a result of the allegedly false statements is the search of his house. The damages from the false statements in the probable cause affidavit are his pretrial detention until his conviction. Though *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his post-conviction claims, "the unlawfulness of [his pre-conviction detention] does not have any necessary effect on the validity of his conviction." *Knox v. Curtis*, 771 F. App'x 656, 658 (7th Cir. 2019) (quotation marks and brackets omitted) (quoting *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017)). Here, Mr. Cureton was convicted of these crimes on March 13, 2019. *See State v. Cureton*, 46D01-1810-MR-7 (LaPorte Superior Court 1 filed October 5, 2018).[1] Therefore he may only proceed on a claim for compensatory damages for unlawful detention as a result of false statements in the affidavit of probable cause from October 5, 2018 to March 12, 2019. Any claims after that are bared by *Heck* and will be dismissed without prejudice.

Mr. Cureton also names four other defendants in his complaint. Police Chief Mark Swistek and Lt. Tim Richardson. However, he does not allege either of them falsified affidavits or otherwise violated his constitutional rights. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own

---

[1] Docket sheet available at https://public.courts.in.gov.

misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). These defendants must be dismissed.

Mr. Cureton also names Prosecuting Attorney John Espar and Deputy Prosecuting Attorney Mark Roule. However, he does not allege either of them falsified affidavits or otherwise violated his constitutional rights. Moreover, to the extent he is suing them because they prosecuted him based on an allegedly false affidavit, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.") (quotation marks and citation omitted). Therefore, they must also be dismissed.

For these reasons, the court:

(1) GRANTS Nathan G. Cureton leave to proceed against Kenneth C. Havlin in his individual capacity for compensatory damages for allegedly making false statements in his Affidavit for Search Warrant of Mr. Cureton's home on October 5, 2018 in violation of the Fourth Amendment;

(2) GRANTS Nathan G. Cureton leave to proceed against Kenneth C. Havlin in his individual capacity for compensatory damages for allegedly making false statements in his Affidavit in Support of Probable Cause related to charging Mr. Cureton with felony murder and attempted robbery resulting in his pre-conviction detention from October 5, 2018 to March 12, 2019, in violation of the Fourth Amendment;

(3) DISMISSES WITHOUT PREJUDICE claims based on his post-conviction detention;

(4) DISMISSES WITH PREJUDICE all other claims;

(5) DISMISSES Mark Roule, John Espar, Mark Swistek, and Tim Richardson;

(6) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Amended Complaint (ECF 4) on Kenneth C. Havlin at the Michigan City Police Department; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Kenneth C. Havlin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 5, 2019                         *s/ Damon R. Leichty*
                                          Judge, United States District Court