UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHAN G. CURETON,

    Plaintiff,

v.

KENNETH C. HAVLIN,

    Defendant.

CAUSE NO. 3:18-CV-994 DRL-MGG

<u>OPINION AND ORDER</u>

Nathan G. Cureton, a prisoner without a lawyer, is proceeding in this case against Officer Kenneth C. Havlin on two claims alleging Fourth Amendment violations: "for allegedly making false statements in his Affidavit for Search Warrant of Mr. Cureton's home on October 5, 2018" and "for allegedly making false statements in his Affidavit in Support of Probable Cause related to charging Mr. Cureton with felony murder and attempted robbery resulting in his pre-conviction detention from October 5, 2018 to March 12, 2019[.]" ECF 13 at 3. On October 21, 2020, Detective Havlin moved for summary judgment, arguing that neither affidavit contained any false statements. ECF 29. With the motion, Detective Havlin provided Mr. Cureton the notice required by N.D. Ind. L.R. 56-1(f). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

This deadline passed over seven months ago, but Mr. Cureton has not responded. Because Mr. Cureton did not reply to the summary judgment motion, Detective Havlin filed a motion for summary ruling, requesting that the court grant his summary judgment motion. ECF 37.

FACTS

Mr. Cureton's claims arise out of his October 5, 2018 arrest for the attempted robbery of Tyler Abbott and the felony murder of Nathaniel Havis, which occurred on October 4, 2018. ECF 4 at 3-5. Mr. Cureton alleged in his complaint that Detective Havlin falsely attested in an Affidavit for Search Warrant and an Affidavit in Support of Probable Cause that Mr. Cureton had confessed to participating in the robbery during a police interview. *Id.* Mr. Cureton attached the Affidavit for Search Warrant and Affidavit in Support of Probable Cause, in which Detective Havlin attested Mr. Cureton had confessed during a police interview that he had planned the robbery with Mr. Havis and had instructed Mr. Havis on how to commit the robbery. *Id.* at 7-12. Mr. Cureton alleges in his complaint that a review of the recorded police interview would show he did not make those statements and Detective Havlin fabricated his confession. *Id.* at 4-5.

Detective Havlin submits an affidavit in support of his summary judgment motion, in which he attests to the following: On October 4, 2018, Detective Havlin was dispatched to an alleyway for a homicide. ECF 30-1 at 2. Mr. Havis was deceased in the alley and Mr. Cureton was present as a witness. *Id.* Mr. Cureton told officers that he and Mr. Havis went to the alley because Mr. Havis was meeting someone to buy synthetic marijuana. *Id.* Mr. Cureton told officers that Mr. Havis had told him to stay back while

he went into the alley, and Mr. Cureton then heard yelling and one gunshot and saw Mr. Havis fall to the ground while a vehicle sped off. *Id.*

Mr. Cureton went to the police department where he was first interviewed by Lieutenant Tim Richardson and Detective Mike Walker. *Id.* During this first interview, Mr. Cureton revealed that he had lost $500 at a casino earlier that day. *Id.* at 3. He later saw Mr. Havis at the library and walked with him to a gas station. *Id.* While they were walking, Mr. Havis saw someone he knew and went to meet him in an alleyway. *Id.* Mr. Cureton heard and saw Mr. Havis scuffle with the other person and saw the other person shoot Mr. Havis. *Id.*

On October 5, 2018, Mr. Cureton was interviewed a second time by Lt. Richardson and Detective Havlin. *Id.* at 4-5. During this second interview, Mr. Cureton revealed that someone named "Tyler" shot Mr. Havis. *Id.* at 5. *Id.* Mr. Cureton did not know Tyler and had communicated with him through Snapchat. *Id.* Tyler was supposed to arrive with one pound of marijuana and Mr. Cureton was going to "poke him for the pound." *Id.* Mr. Cureton told Mr. Havis about his plan to rob Tyler, and Mr. Havis wanted to participate. *Id.* Mr. Cureton arranged a meeting with Tyler through Snapchat. *Id.* at 6. Mr. Cureton told Mr. Havis to go up to Tyler with his gun concealed and tell him to drop the marijuana. *Id.* Mr. Cureton told Mr. Havis not to shoot Tyler and not to do anything crazy. *Id.* Once they arrived at the alley, Mr. Havis approached Tyler with his gun pointed at his stomach and Tyler grabbed Mr. Havis' arm, got Mr. Havis onto the ground, shot him, and fled. *Id.* Detective Havlin submits video recordings of Mr. Cureton's interviews with

3

law enforcement, which support Detective Havlin's descriptions of the interviews. ECF 33.

Detective Havlin attests that, after the second interview concluded, he determined criminal charges were warranted because Mr. Cureton had admitted to setting up the robbery. ECF 30-1 at 7. Detective Havlin met with a prosecutor and prepared the Affidavit in Support of Probable Cause for the charges of felony murder and attempted robbery based on his firsthand investigation and information he learned from other police officers. *Id.* Detective Havlin also prepared an Affidavit in Support of Search Warrant for Tyler Abbott's address, based on firsthand knowledge and information learned from other officers. *Id.* at 7-8. Detective Havlin attests he did not include any false statements in his Affidavit in Support of Search Warrant and Affidavit in Support of Probable Cause. *Id.* at 8-9.

## ANALYSIS

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must

4

"marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Fourth Amendment is violated if the officer requesting a warrant "knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012). But there is no evidence from which a reasonable jury could find that Detective Havlin made false statements in either affidavit. Video recordings of interviews with Mr. Cureton show he admitted to planning the robbery and instructing Mr. Havis on conducting it. Mr. Cureton has provided no evidence to show a false statement. Accordingly, summary judgment is warranted in favor of Detective Havlin on both of Mr. Cureton's claims.

For these reasons, the court:

(1) GRANTS Detective Havlin's summary judgment motion (ECF 29);

(2) GRANTS Detective Havlin's motion for summary ruling (ECF 37); and

(3) DIRECTS the clerk to enter judgment in favor of Detective Havlin and against Nathan Cureton.

SO ORDERED.

July 2, 2021  *s/ Damon R. Leichty*
Judge, United States District Court

5